United States District Court
Southern District of Texas
ENTERED
MAY 0 4 1999
Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RAUL DELEON, § | |
| Plaintiff-Petitioner, § | |
| § | CIVIL ACTION NO. B-97-125 |
| VS. § | |
| § | CRIMINAL NO. B-95-024 |
| UNITED STATES OF AMERICA, § | |
| Defendant-Respondent. § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Raul DeLeon ("DeLeon") has filed a petition (Docket No. 1), pursuant to 28 U.S.C. § 2255 seeking to set aside his 180 month sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) on the grounds of ineffective assistance of counsel. The government has filed a Motion to Dismiss (Docket No. 7) which, for the reasons set forth below, should be granted.

### BACKGROUND

DeLeon was stopped by a Texas State Trooper on June 6, 1993, because the car he was driving had a torn and illegible cardboard buyer's tag. During a consensual search of the car, the Trooper discovered a loaded pistol under the front seat. DeLeon was charged with unlawfully carrying a firearm. He was indicted by a federal grand jury on February 14, 1995, and charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), because he had a prior conviction for burglary. A superseding indictment was filed on April 11, 1995, alleging additional felony convictions.

On April 17, 1995, DeLeon pled guilty to the original indictment. This was a conditional

plea. DeLeon's attorney had filed a motion to suppress the pistol as having been discovered during an illegal search. The trial court denied the motion to suppress. This issue was appealed.

The guilty plea took place during the pendency of the appeal. Ultimately, the Fifth Circuit affirmed the trial court's denial of the suppression motion.

The guilty plea was pursuant to a plea bargain which contemplated the dismissal of the superseding indictment, a two point credit for acceptance of responsibility and a recommendation that sentencing be at the low end of the guidelines. All of this was explained to DeLeon during the extensive Fed. R. Crim. P. 11 colloquy. (Exhibit A to Docket No. 7). The maximum 15 year sentence was also explained to him.

On June 20, 1995, DeLeon was sentenced to 180 months in custody and a three year SRT (Exhibit B Government's Motion to Dismiss [Docket No. 7]). During the sentencing colloquy, DeLeon claimed that during his re-arraignment, the trial judge had not advised DeLeon of the maximum sentence for the offense of felon in possession of a firearm. The trial judge, Hon. Filemon B. Vela, invited DeLeon's attorney to file a motion to withdraw the guilty plea based on that claimed lapse. (Docket No. 7, Exhibit B pp. 13-15). No such motion was filed. A review of the re-arraignment transcript (Docket No. 7, Exhibit A pp. 11-12) shows that DeLeon was in fact advised by Judge Vela that the maximum sentence was 15 years confinement and a $250,000.00 fine plus up to a five year SRT and a mandatory $50.00 special assessment. DeLeon confirmed at the re-arraignment that he understood the maximum sentence.

## THE § 2255 PETITION

In his petition, DeLeon claims that his trial counsel was ineffective for failing to file a motion to withdraw his guilty plea.

## RECOMMENDATION

This 28 U.S.C. § 2255 petition is frivolous. As stated in the background section of this Report and Recommendation, Judge Vela invited counsel to file a Motion to Withdraw DeLeon's guilty plea after DeLeon represented to the Court that the Court had not properly admonished him as to the range of punishment during the re-arraignment. The re-arraignment record shows clearly that Judge Vela advised DeLeon of the maximum sentence twice, and DeLeon confirmed that he understood this.

In the guilty plea context, the test for ineffective assistance of counsel is whether the counsel committed error and that the guilty plea would not have been entered but for the error. *Armstead v Scott*, 37 F.3d 202 (5th Cir. 1994), *cert. denied* 514 U.S. 1071 (1995).

A careful review of the entire file in this case shows that DeLeon was fully advised of the ramifications of his guilty plea and that he understood those ramifications. His lawyer entered a conditional guilty plea after the trial judge denied a Motion to Suppress the pistol involved in this case. Counsel appealed this ruling. The Fifth Circuit affirmed. At the sentencing, counsel raised an issue about the probation officer who prepared the presentence report. The trial judge made an extensive inquiry about the factual underpinnings of the PSI.

The file reflects competent representation at every step of the proceedings. DeLeon's rights were protected at every step of his journey throughout the judicial system.

IT IS THEREFORE RECOMMENDED that the government's Motion to Dismiss be **GRANTED** and that Raul DeLeon's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the

unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 4th day of May 1999.

_____
John Wm. Black
United States Magistrate Judge